UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

KEITH R. RIOS,

        Plaintiff,

    v.

XAVIER NADY and HON. JUDGE SUSAN M. DAUPHINE,

        Defendants.
                                  /

No. C 11-4860 PJH (PR)

**ORDER OF DISMISSAL**

Plaintiff, an inmate at North Kern State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Defendants are a state family court judge and an attorney appointed to represent plaintiff in a proceeding for termination of parental rights.

**1.   Attorney Nady**

Public defenders, and those private lawyers appointed to serve as defense counsel, do not act under color of state law for purposes of a section 1983 action because their loyalty is not to the appointing authority but to their clients.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  For the same reason, private lawyers performing a lawyer's traditional functions as counsel in family court proceedings do not act under color of state law for purposes of a section 1983 action.  *Kirtley v. Rainey*, 326 F.3d 1088, 1093-96 (9th Cir. 2003) (role of attorney appointed guardian ad litem to child in state court custody proceeding is analogous to that of public defender; attorney does not act under color of

state law); *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.1991) (court-appointed attorney's representation of a child's adoptive parents did not constitute state action); *Malachowski v. City of Keene*, 787 F.2d 704, 710 (1st Cir.1986) (court-appointed attorney for child in delinquency proceeding does not act under color of state law, by analogy to *Polk County*); *Ramirez v. Tsuchiya*, No. C 08-4456 WHA (PR), 2008 WL 4402911 at *1 (N.D. Cal. Sept. 26, 2008) (court appointed attorney who represented inmate in proceeding for termination of parental rights not a state actor).  Defendant Nady therefore was not acting under color of state law, and plaintiff has failed to state a claim against him.  Because nothing plaintiff could allege would change this fact, the dismissal will be without leave to amend.

**2.     Judge Dauphine**

The other defendant is the family court judge who presided, Judge Susan M. Dauphine.  Plaintiff alleges that she did not ensure that he was properly represented and held proceedings without his being present.

State court judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity.  *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983).  The actions that plaintiff contends give rise to his claims clearly were taken in a judicial capacity, so to whatever extent plaintiff seeks damages, he has failed to state a claim.

The main relief plaintiff seeks, however, is that he be given "proper representation," allowed to present evidence, and allowed to be present at "hearings to adequately defend and present my case."   The doctrine of judicial immunity does not bar claims for injunctive relief in section 1983 actions.  *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).  However, section 1983 itself provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  Plaintiff has not alleged that a declaratory decree was violated, and no reason why one

would not be available from state court is apparent. Plaintiff thus has failed to state a claim for injunctive relief against Judge Dauphine.

It is unclear whether family court proceedings are ongoing. If the proceedings are completed, plaintiff's claim is barred by the *Rooker-Feldman* doctrine. "Under *Rooker–Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal." *Id.* at 1156. Assuming state court proceedings have been completed, it appears that plaintiff is trying to appeal to this court from the judgment of the state court, which is forbidden by the *Rooker-Feldman* doctrine.

Alternatively, if proceedings are not completed, abstention under *Younger v. Harris*, 401 U.S. 37 (1971), is appropriate. A federal court "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). *Younger* abstention applies not only where a federal action would interfere with a state criminal proceeding, but also "to federal cases that would interfere with state civil cases and state administrative proceedings." *Id.* Assuming state proceedings are ongoing, all the conditions for abstention are met here.

For the above reasons, the claims against Judge Dauphine also will be dismissed. Because the defects in the claims against her could not be cured by amendment, the dismissal will be without leave to amend. Because circumstances could change in the future, however – plaintiff might obtain a declaratory judgment in state court, and at some

4

point the proceedings in state court will be completed, if they have not been already, so abstention would no longer apply – the dismissal as to Judge Dauphine will be without prejudice.

## CONCLUSION

For the foregoing reasons, plaintiff's claims against defendant Nady are **DISMISSED** with prejudice. His claims against Judge Dauphine are **DISMISSED** without prejudice.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 28, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.11\RIOS4860.DSM.wpd